IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ISRAEL RUIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | 14 C 8264 |
| | ) | |
| KIM BUTLER, Warden, | ) | Judge Virginia M. Kendall |
| Menard Correctional Center | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Israel Ruiz was convicted of first-degree murder and aggravated discharge of a firearm on May 24, 2000 following a jury trial in Cook County, Illinois. He was sentenced to concurrent prison terms of forty and fifteen years, respectively. Ruiz is currently serving his sentence at the Menard Correctional Facility in Menard, Illinois. On October 20, 2014, Ruiz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed an amended petition on November 21, 2014. For the following reasons, the Court dismisses Ruiz's amended habeas petition [7] with prejudice and declines to issue a certificate of appealability.

**I. Background**

Following a 2000 jury trial in the Circuit Court of Cook County, Illinois, Ruiz was convicted of first-degree murder (720 ILCS 5/9-1(a)(2)) and aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2)). (Dkt. No. 15-1 at 1). Following his conviction, Ruiz appealed to the Illinois Appellate Court, arguing that the trial court erred in instructing the jury on felony murder with aggravated discharge as the predicate felony; the trial court erred in entering a separate judgment and sentence for aggravated discharge of a firearm; the trial court erred in not compelling the presence of a defense witness; and that the Truth in Sentencing Act, which bars

1

first-degree murder defendants from receiving any good conduct credit on their sentences, was unconstitutional. (*Id*. at 1-2). On August 5, 2003, the Illinois Appellate Court affirmed both of Ruiz's convictions and rejected his challenge to the constitutionality of the Truth in Sentencing Act. (*Id*. at 22). Ruiz subsequently filed a petition for leave to appeal in the Illinois Supreme Court, which was denied on December 3, 2003. (Dkt. No. 15-2 at 32).

Ruiz filed a pro se post-conviction petition in 2003, which he ultimately amended on May 18, 2010. (Dkt. No. 14 at 3). In his amended post-conviction petition, Ruiz asserted the following claims:

A. Appellate counsel was ineffective for failing to argue on direct appeal that:
1. the evidence was insufficient;
2. the trial court erred by failing to instruct the jury on second degree murder;
3. the trial court erred by denying his motion to quash arrest and suppress statements;
4. the trial court erred by admitting evidence of gang affiliation;
5. the trial court erred by allowing a prosecution witness to testify about gunshot residue results;
6. the trial court erred by refusing to excuse a juror who saw petitioner escorted from the courtroom by deputy sheriffs and another juror who learned about this event;
7. the prosecution failed to correct the false testimony of Vanessa Rios;
8. Illinois Pattern Jury Instruction 3.15 misstated the standard for measuring eyewitness testimony;
9. the trial court's admission of Rios's signed statement and grand jury testimony into evidence violated state law and the Confrontation Clause;
10. the trial court erred by publishing Rios's grand jury testimony for

the jury;

11. the trial court erred by failing to ensure that Rios's statement was voluntary before admitting it into evidence;

12. the trial court erred by allowing the jury to review inflammatory exhibits during its deliberations;

13. the prosecution misstated the forensic evidence in its closing argument;

14. the prosecution made inflammatory remarks about defense counsel and street gangs in its closing argument;

15. the trial court erred by failing to instruct the jury on the unreliability of accomplice testimony with respect to Rios; and

16. trial counsel was ineffective for failing to object to the errors described in points (A)(3) and (A)(7)-(15), above;

B. Trial counsel was ineffective cumulatively and for failing to:
1. object to the errors described in (A)(7)-(15), above;
2. investigate and call Tijuana Lee as a witness;
3. challenge the trial court's decision to instruct the jury on felony murder based on aggravated discharge of a firearm; and
4. litigate the motions to quash arrest and suppress evidence with better evidence that petitioner's confession was coerced;

C. Illinois Pattern Jury Instruction 3.15 misstated the standard for measuring eyewitness identification testimony; and

D. Actual innocence.

(Dkt. No. 15-3). The trial court dismissed Ruiz's pro se post-conviction petition on June 17, 2011, (Dkt. No. 15-4 at 8), and denied Ruiz's motion to reconsider on September 23, 2011. (*Id*. at 15). Ruiz's subsequent appeal, with assistance from counsel, raised claims (A)(2), (A)(8), and (B)(4). (*Id*. at 18-21). On March 12, 2014, the Illinois Appellate Court affirmed the judgment of the trial court. (Dkt. No. 15-6 at 22). Ruiz's subsequent petition for rehearing, also filed with assistance of counsel, was denied on April 23, 2014. (Dkt. No. 15-6 at 35).

Ruiz, again with assistance from counsel, then filed a PLA to the Illinois Supreme Court that did not raise any of the arguments found in his pro se post-conviction petition. (*See* Dkt. No. 15-7 at 2-18). Ruiz, with the assistance of counsel, argued only that the Illinois Appellate Court fundamentally misunderstood and misapplied the evidentiary standard used to determine whether a jury instruction should issue in state court. (*Id.* at 13). On October 29, 2013, the Illinois Supreme Court denied Ruiz's PLA. (*Id.* at 20).

Ruiz now brings this amended petition for writ of habeas corpus under 28 U.S.C. § 2254. In his amended petition, Ruiz presents the following grounds for relief:

A. Trial counsel was ineffective for failing to:
 1. object to the trial court's admission of Vanessa Rios's perjured testimony;
 2. object to the prosecution's use of Rios's perjured testimony;
 3. ensure that Rios's statement was voluntary before the trial court admitted it into evidence;
 4. object to the admission of Rios's signed statement on the basis that he was unable to cross-examine her on its contents;
 5. object when the trial court allowed the jury to review inflammatory exhibits during its deliberations;
 6. object to the incorrect IPI 3.15 form; and
 7. litigate the motions to quash arrest and suppress evidence with better evidence that petitioner's confession was coerced;

B. Appellate counsel was ineffective for failing to argue that
 1. trial counsel was ineffective, as set forth in Claim (A)(1)- (7), above;
 2. the trial court erred by failing to instruct the jury on second degree murder;
 3. the prosecution made inflammatory remarks about defense counsel and misstated evidence in closing argument; and

  4. the trial court erred by failing to instruct the jury on the unreliability of accomplice testimony with respect to Rios;

C. The "trial court's [Illinois Pattern Jury Instructions] relieved the state of it burden of proving every element of the crime beyond a reasonable doubt" and caused the court to impose a "harsher" sentence; and

D. All other issues contained in the "state court briefs" attached to the habeas petition.[1]

**II. Discussion**

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *See Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009). "Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting relief on that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). The "separate but related doctrine of procedural default," *id*., applies when a habeas petitioner "has exhausted his state court remedies without properly asserting his federal claim at each level of state court review," *Crockett v. Hulick*, 542 F.3d 1183, 1192 (7th Cir. 2008) (citation omitted). Specifically, procedural default prevents a federal habeas court from considering the merits of a claim where: "(1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet*, 390 F.3d at 514. To avoid the latter type of default, a petitioner must invoke "one complete round of the state's established appellate review process" by

---

[1] Only one other issue from petitioner's "state court briefs" is not already set forth in the habeas petition: that appellate counsel failed to challenge Illinois Pattern Jury Instruction 3.15, or allege that trial counsel was ineffective for failing to object to that error at trial.

presenting claims both to the Illinois Appellate Court and to the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In this case, Ruiz failed to present any of his habeas claims in one complete round of state court review and his petition is procedurally defaulted. *See Boerckel*, 526 U.S. at 848; *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). Ruiz did not raise any of his habeas claims on direct appeal. And, although he raised all of his claims in his original pro se post-conviction petition, he raised only two of those claims on appeal to the Illinois Appellate Court, and he raised none of them in the PLA filed with the Illinois Supreme Court. Because Ruiz's habeas claims were not presented to the Illinois Supreme Court, his instant habeas petition is procedurally defaulted. *See Boerckel*, 526 U.S. at 848 (where petitioner's amended federal habeas petition "raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court[,]" those claims were procedurally defaulted); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2013) (to avoid procedural default, petitioner must have presented each claim in his federal petition "in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court").

Ruiz contends in his responsive filings that, even though he was represented by counsel who presented his claims to the Illinois Appellate and Supreme Courts, he also personally filed briefs in those courts, and those pro se briefs presented all of his current habeas claims, and therefore he did not default on those claims. (*See* Dkt. No. 30 at 1). The record does not reflect any pro se filings before the Illinois Appellate court; however, the Illinois Supreme Court sent Ruiz a letter confirming receipt of his pro se PLA on April 1, 2014 during the time that he was represented by counsel. (*See id*. at 4). That Supreme Court did not accept the brief because it violated rules preventing a represented litigant from filing his own PLA when one was already

6

filed by his attorney. Because the brief was never filed, this Court is unable to verify whether all of the claims allegedly raised by Ruiz today were in that brief. Yet, that does not matter. Even if the claims were raised in his improperly filed pro se brief, the state court refused to consider them based on a clearly established state procedural rule—the Illinois rule preventing a represented litigant from filing his own documents. *See, e.g., Galvez v. Hardy*, 2012 WL 588809, at *3 (N.D. Ill. Feb. 22, 2012) (Illinois rule against hybrid representation is "firmly established and regularly followed" and state court's rejection of a pro se supplemental brief rested on an independent and adequate state ground); *Cumbee v. Hardy*, 2012 WL 138647, at *2 (N.D. Ill. Jan.18, 2012) (finding the Illinois Appellate Court's rejection of a pro se supplemental brief to be "an independent and adequate state procedural ground for rejecting ... the claims included therein"); *Dolis v. Gilson*, 2009 WL 5166228, at *8 (N.D. Ill. Dec. 23, 2009) (holding that the "clearly established state procedural rule" prohibiting hybrid representation was an independent and adequate state ground); *In re Sean N.*, 391 Ill. App. Ct. 3d 1104, 1106 (4th Dist. 2009) (disregarding pro se brief because defendant was represented by counsel). As such, these claims remain procedurally defaulted pursuant to an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991) (holding that where a brief was rejected based on a state rule requiring it to be filed within thirty days of the judgment, the claims raised in that brief were procedurally defaulted based on an independent and adequate state procedural rule).

Of course, a federal court may hear a habeas petitioner's procedurally defaulted claim if he can demonstrate cause and prejudice for the default or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008). Ruiz makes no attempt to argue the 'fundamental miscarriage of justice' exception and the Court will not consider it. *See id.* (holding petitioner's failure to raise an

7

argument for either exception precludes a federal court from considering it). Instead, Ruiz contends that post-conviction counsel failed to properly raise the claims present in his habeas petition to the Illinois Appellate and Supreme Courts. (*See* Dkt. No. 23 at 6-8). Thus, Ruiz attempts to show cause by claiming ineffective assistance of post-conviction counsel.

This argument fails, however, because Ruiz does not have a right to counsel in state post-conviction proceedings and a claim of ineffective assistance does not constitute cause to excuse procedural default. *See Coleman,* 501 U.S. at 757; *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999); *Cawley v. DeTella*, 71 F.3d 691, 695-96 (7th Cir. 1995). Only in rare occasions may post-conviction counsel's failure to raise an ineffective assistance of trial counsel claim excuse procedural default.[2] *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (in states where "claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."); *see also* 28 U.S.C. § 2254(i) ("[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under § 2254."). In other words, ineffective assistance of post-conviction counsel will excuse default where state law "does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013) (citations omitted). Here, no such excuse exists because Ruiz had a meaningful opportunity to present his claim for ineffective assistance of trial counsel under Illinois law.

Collateral proceedings are not the first opportunity to raise an ineffective assistance of trial counsel claim in Illinois. *See People v. Miller*, 2013 IL App (1st) 11147, at ¶ 40 (Ill. App.

---

[2] Ruiz raises seven claims of ineffective assistance against trial counsel in his habeas petition before the Court.

Ct. 2013) ("Illinois, unlike Arizona, considers ineffective-assistance claims on direct appeal."). Ruiz had the opportunity to present his ineffective assistance of trial counsel claims on direct review and failed to do so. (*See* Dkt. No. 15-1). He cannot show cause to excuse the default of those claims and, accordingly, the Court will not address prejudice. *See Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010).

### III. Certificate of Appealability

A petitioner may not appeal the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a). A certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). For the reasons discussed above, Ruiz has not made a substantial showing of the denial of a constitutional right: reasonable jurists would not debate whether the challenges in his habeas petition should been resolved differently or determine that Ruiz deserves encouragement to proceed further with his habeas claims. *See Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). Ruiz's petition is procedurally defaulted. The Court therefore declines to issue a certificate of appealability.

## **CONCLUSION**

For the reasons stated, Ruiz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed with prejudice.

Date:   8/12/2015

_____
Virginia M. Kendall
United States District Judge